**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THOMAS LEE CAMERON**                                   **PETITIONER**

**v.**                                   **CRIMINAL NO. 1:12CR59-LG-RHW
CIVIL NO. 1:15CV181-LG**

**UNITED STATES OF AMERICA**                                   **RESPONDENT**

## ORDER DENYING MOTION FILED PURSUANT TO § 2255

BEFORE THE COURT is the [311] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Thomas Lee Cameron.  Cameron pleaded guilty to conspiracy to distribute a controlled substance, and was sentenced to 240 months' imprisonment and three years' supervised release.  Cameron now seeks an evidentiary hearing pursuant to § 2255 based on allegations of ineffective assistance of counsel and for vacation of his judgment of conviction and re-sentencing without the enhancements discussed herein.  Upon reviewing the submissions of the parties, Cameron's trial attorney, and the applicable law, the Court finds that the Motion should be denied because Cameron has waived his § 2255 claims or otherwise failed to satisfy the *Strickland* test for ineffective assistance of counsel.

### BACKGROUND

Cameron was one of a number of persons charged in this drug conspiracy case.  He agreed to plead guilty to conspiracy with intent to distribute oxycodone pursuant to a written plea agreement with the government.  He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under 28

U.S.C. § 2255.  The United States Probation Office then prepared a presentence investigation report ("PSR").  The PSR assigned a base offense level of thirty-four.  It also added two levels for possession of a firearm during the offense, two levels for the use of violence or directing the use of violence, and four levels on finding that Cameron "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive . . . ."  (*See* PSR 17, ECF No. 196).  Cameron received downward adjustments for his acceptance of responsibility, which resulted in a total offense level of thirty-nine.  The Court sentenced Cameron to a term of imprisonment of 240 months and three years' supervised release.

Cameron appealed his conviction to the Fifth Circuit Court of Appeals, which ultimately dismissed Cameron's appeal in September 2014.  He then filed the current Motion in June 2015.  In his Motion and a subsequent Motion to Amend (which the Court granted), Cameron claims that his trial counsel was ineffective in (1) failing to object to the firearm enhancement; (2) failing to object to the use of violence enhancement; (3) failing to object or prepare a defense to the leadership role enhancement; (4) failing to investigate; and (5) failing to file pre-trial motions and advise Cameron about the filing of the same (which Cameron characterizes as "constructive denial of counsel.").

Cameron's trial counsel, Arthur D. Carlisle, responded to the allegations on August 3, 2015.  The Government also filed a response on August 11, 2015.

### THE LEGAL STANDARD

Section 2255 provides four grounds for relief: (1) "that the sentence was

imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2225(a). A defendant may, as part of a plea agreement, waive the right to appeal and the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (citation and quotation marks omitted). "After conviction and exhaustion or waiver of any right to appeal, [courts] are entitled to presume that the defendant stands fairly and finally convicted." *Id.* at 231-32 (citation, quotation marks, and brackets omitted). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* (internal citation omitted).

This procedural bar does not apply to claims that could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). However, where, as here, a defendant has pleaded guilty and waived his right to appeal or file a motion

pursuant to § 2255, the only ineffective assistance of counsel claim to survive the waiver is one claiming the ineffective assistance "directly affected the validity of waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The waiver therefore remains valid as to all other claims of ineffective assistance. The Court asks "whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver.  If the answer to both questions is 'yes,' then the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44 (following the "wealth of authority" in other circuits deciding this question, and holding that "the opposite result would render waivers of appeal meaningless").

Where the waiver does not apply and the defendant may proceed with his ineffective assistance of counsel claim, he must satisfy the two-prong test set forth in *Strickland v. Washington*, 468 U.S. 668 (1984), to establish that he is entitled to relief.  Specifically, he "must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009).

"[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (citation, quotation marks, and brackets omitted).  Courts are "extremely deferential in [the] scrutiny of counsel's performance and [must] make every effort to eliminate the distorting effects of hindsight." *Ellis v. Lynaugh*, 873 F.2d 830, 839

4

(5th Cir. 1989) (citation and quotation marks omitted).  "To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Woodward*, 580 F.3d at 326 (citation, quotation marks, and brackets omitted).

"With respect to guilty pleas, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citation omitted).  A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*  The Fifth Circuit has held that "'[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.'" *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) (citation omitted).

Finally, if the "defendant receives no meaningful assistance from his court-appointed lawyer, he is constructively denied his Sixth Amendment right to counsel and need not prove *Washington* prejudice." *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000).  "'A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all.'" *Id.* (citation omitted).  Prejudice will be "presumed, and *Washington*'s second prong inapplicable, only when the defendant demonstrates that counsel was not

merely incompetent, but inert, distinguishing shoddy representation from no representation at all." *See id.* (citation and quotation marks omitted).

## DISCUSSION

Having reviewed the record, the Court is of the opinion that Cameron's plea was knowing and voluntary.  "A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness." *Barba-Ortiz v. United States*, No. 1:12cr103-LG-RHW-1, 2014 WL 6982606, at *2 (S.D. Miss. Dec. 9, 2014) (citing *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001)).  "Moreover, the Fifth Circuit affords 'great weight to the defendant's statements at the plea colloquy.'" *Id.* (citing *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)).

The plea agreement signed by Cameron is explicit that Cameron is waiving certain rights, including his right to file a § 2255 Motion.  Furthermore, at the change of plea hearing held on October 29, 2012, Cameron was deemed competent to enter his plea.  (*See* Plea Tr. 5, ECF No. 269; Minute Entry, ECF No. 115).  He then testified under oath that no one had threatened him, forced him, or in any other way coerced him to enter a plea of guilty.  (*See* Plea Tr. 10-11, ECF No. 269). He also testified that he was there freely and voluntarily and of his own accord, and that he had read the plea agreement, discussed it with his lawyer, and signed it. (*See id.* at 11-12).  The plea agreement was explained by the Government in open court, and thereafter agreed to by Cameron and his counsel, including the

provisions pertaining to waiver.  (*See id.* at 11-13; Minute Entry, ECF No. 115).

Additionally, Cameron expressed his satisfaction with counsel. (*See* Plea Tr. 5-6;

Minute Entry, ECF No. 115).

Cameron now claims that counsel's "ultimate reason that I should plead

guilty was that the government has several people to testify against me.  I advised

counsel that I was innocent and he disreagarded [*sic*] my position and told me that

he really [didn't] have time and that it was in my best interest to beg for mercy."

(Mot. to Amend 2, ECF No. 315).  However, this is in direct contradiction to his

statements under oath at the plea hearing, which are entitled to great weight.  *See,*

*e.g.*, *Cothran*, 302 F.3d at 283-84.  Under the circumstances presented here, the

Court finds that Cameron's guilty plea was knowing and voluntary.  The Court

addresses Cameron's specific arguments pursuant to § 2255 below.

**Failure to Object to Enhancements**

Cameron's claims that his counsel was ineffective in failing to object to

certain enhancements in the PSR fail.  Cameron "does not contend . . . that this

ineffective assistance of counsel caused his earlier decision to plead guilty – and to

waive his appeal rights – to be either unknowing or involuntary."  *See McGee v.*

*United States*, No. 3:01-cv-2565G, 2002 WL 31298860, at *2 (N.D. Tex. Oct 8, 2002).

"Accordingly, the provision in [Cameron]'s plea agreement waiving § 2255 relief"

may be enforced with respect to Cameron's arguments of ineffective assistance

regarding his counsel's failure to object to certain enhancements.  *See id.*

Cameron merely addresses counsel's conduct after receipt of the PSR, which occurred after the plea agreement had already been negotiated and executed; therefore, Cameron's arguments about the enhancements are extinguished by the waiver. *See United States v. Shelly*, No. 04-0062, 2007 WL 121770, at *3 (E.D. La. Jan. 16, 2007); *see also Barba-Ortiz*, 2014 WL 6982606, at *3; *Hearn v. United States*, No. 5:04cr13-DCB, 2006 WL 1674298, at *3 (S.D. Miss. June 15, 2006).

As is clear in both his plea agreement and the transcript of his plea hearing, Cameron also knew and understood that he could be sentenced to a maximum of twenty years. As a result, to the extent Cameron's argument could be construed as an argument that his counsel did not inform him of the possibility of the enhancements, any such argument would also fail. *See United States v. Moore*, No. 07-273, 2014 WL 1413876, at *3 (E.D. La. Apr. 11, 2014).

Finally, the Court notes that this same analysis above with respect to the enhancements applies to Cameron's arguments in his Motion to Amend about objections which he allegedly requested that his counsel raise. (*See* Mot. to Amend 2-3, ECF No. 315). In addition, while Cameron claims that he asked "counsel to object to the amount of drugs attributed to me for points calculating purposes[,]" and that counsel failed to do so, (*see id.* at 3), the record reflects that counsel raised such an objection both in writing and at the sentencing hearing, and presented evidence regarding the same. Thus, even if not barred by Cameron's waiver, this claim would lack merit because the Court finds that counsel's conduct in this regard

8

was not objectively unreasonable.  This is also true for Cameron's argument

regarding the violence enhancement, which his counsel thoroughly covered at the

plea hearing.

**Failure to Investigate**

> [W]here the alleged error of counsel is a failure to investigate or
> discover potentially exculpatory evidence, the determination whether
> the error 'prejudiced' the defendant by causing him to plead guilty
> rather than go to trial will depend on the likelihood that discovery
> of the evidence would have led counsel to change his recommendation as
> to the plea.  This assessment, in turn, will depend in large part on a
> prediction whether the evidence likely would have changed the
> outcome of a trial.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Defense "counsel has a duty to make a

reasonable investigation of defendant's case or to make a reasonable decision that a

particular investigation is unnecessary."  *United States v. Phillips*, No. 09-142, 2011

WL 5509155, at *6 (E.D. La. Nov. 10, 2011) (citation and quotation marks omitted).

"A defendant who alleges a failure to investigate on the part of his counsel must

allege with specificity what the investigation would have revealed and how it would

have altered the outcome of the trial."  *United States v. Green*, 882 F.2d 999, 1003

(5th Cir. 1989).

Cameron's conclusory allegation that he "was prejudiced by counsel['] failure

to mitigating, exculpatory evidences [*sic*] that would have exonerated" him is not

enough.  *See, e.g.*, *Cox v. Stephens*, 602 F. App'x 141, 146 (5th Cir. 2015); *Morgan v.*

*United States*, No. 3:07-cv-1177-L, 2008 WL 4945645, at *3 (N.D. Tex. Nov. 14,

2008).  Cameron's only specific arguments are that an investigation would have

shown that he never distributed any of the alleged [pills] to (CI) Scotty Plummer, and that it was an impossibility to drive to five different physicians in one day to purchase alleged controlled" substances, and in particular, pills. (*See* Mot. to Amend 2, ECF No. 315). He claims that his trial counsel should have moved for dismissal "based on these facts" and that in failing to do so, he "suffered the grave consequences of knowing that he was forced to plead guilty because counsel[']s lack of representation became evident in the end of the proceedings." (*Id.*).

Cameron's trial counsel has responded that "[n]ot only did Counsel conduct his own investigation but he also retained the services of an investigator to follow up on matters that the Petitioner was concerned about." (Carlisle Aff. 1, ECF No. 318). Under these circumstances, the Court finds that Cameron is unable to show that counsel's representation fell below an objective standard of reasonableness.

Even if the Court were to assume *arguendo* that counsel's performance was deficient for allegedly failing to investigate regarding distribution to Scotty Plummer and the "impossibility" of traveling to five different doctors in one day to purchase pills, Cameron cannot demonstrate how this deficient performance prejudiced his defense or would have changed the outcome of a trial. Cameron pled guilty and was convicted of conspiracy with intent to distribute oxycodone. Cameron admitted under oath "that beginning at least as early as 2009, a number of individuals, including [Cameron] were traveling to the Tampa, Florida, area on a fairly frequent basis to obtain oxycodone either through doctors directly or through a defendant by the name of Gail Owens[,] for the purpose of obtaining oxycodone for

10

personal use and distribution." (Plea Tr. 13-14, ECF No. 269). Whether he sold the pills to one particular individual, and whether he was able to travel to five different doctors in one day, would not have changed the result of a conviction for conspiracy with intent to distribute oxycodone. *See, e.g.*, *Phillips*, 2011 WL 5509155, at *6.

**Constructive Denial of Counsel**

As an initial matter, after review of the record, the Court is of the opinion that this is not the rare case involving constructive denial of counsel. *See, e.g.*, *Glover v. Miro*, 262 F.3d 268, 277 (4th Cir. 2001) ("In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel."); *see also Gochicoa*, 238 F.3d at 284. Therefore, Cameron must meet both prongs of the test set forth in *Strickland v. Washington* to be entitled to relief.

Cameron contends that "[c]ounsel failed to file any pre-trial motions such as [a] speedy trial motion [or] motion to suppress and did not advise petitioner that such avenues were available." (Mot. to Amend 2, ECF No. 315). Such claims are subject to the waiver discussed above. *See, e.g.*, *United States v. Moss*, No. 12-1525, 2014 WL 4354535, at *8 (W.D. La. Sept. 2, 2014).

Even if not waived, in response, Cameron's trial counsel has stated that no speedy trial motion was filed because there was no violation of Cameron's right to a speedy trial. Cameron himself does not argue that there was ever a speedy trial violation, and the Court also explicitly finds that there was none. The record reflects that Cameron first appeared in Court on September 11, 2012, and his trial

11

date was set for October 29, 2012, although he pled guilty in the interim. Accordingly, counsel's decision not to file a speedy trial motion was not objectively unreasonable. Furthermore, Cameron cannot show prejudice since there was no speedy trial violation in the first place. *See, e.g.*, *United States v. Gonzalez*, No. C-07-45, 2007 WL 1695164, at *4-5, n.3 & n.4 (S.D. Tex. June 11, 2007).

Cameron likewise cannot show objectively unreasonable conduct or prejudice by counsel failing to file a motion to suppress or any other pre-trial motion, or for allegedly not advising him that such avenues were available. Cameron's counsel has responded that he informed Cameron of his constitutional rights, including the right to a jury trial, the right to a speedy trial, and the other rights offered him by the United States Constitution, as well as spent hours going over discovery with Cameron. (*See* Carlisle Aff. 2, ECF No. 318). Such conduct is not objectively unreasonable. Regardless, even if counsel's performance was deficient in this respect, Cameron has not shown prejudice by counsel's alleged failures. *See, e.g.*, *Carter v. Quarterman*, No. C-07-114, 2007 WL 3283654, at *11 (S.D. Tex. Nov. 6, 2007). Additionally, Cameron's claim regarding the motion to suppress "fails on the merits because [Cameron] gives no basis on which a meritorious motion to suppress could have been filed." *See Moss*, 2014 WL 4354535, at *8.

Finally, the Court finds that none of the additional allegations in Cameron's Motion to Amend – to the extent he made any not already addressed herein – rise to the level of constructive denial of counsel or ineffective assistance of counsel. There is simply no basis for § 2255 relief.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order such as this one unless the Court finds that the defendant is entitled to a Certificate of Appealability (COA).  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA "may issue . . . only if the [defendant] has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c).  The Court is of the opinion that Cameron has failed to make such a showing, and, thus, finds that a COA should not issue.

### CONCLUSION

For the reasons set forth above, the Court is of the opinion that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 filed by Petitioner Thomas Lee Cameron should be denied.  The Court is also of the opinion that Petitioner is not entitled to a Certificate of Appealability.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [311] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Thomas Lee Cameron is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner is **DENIED** a Certificate of Appealability.

**SO ORDERED AND ADJUDGED** this the 12th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

13